In the Matter of the Application of DONALD CAREY, Appellant, for Temporary Mandamus Order against JOSEPH W. MOORE and Others, Constituting the New York State Division of Parole, Respondents.— Order affirmed, without costs. All concur. (The order denies application for direction to restore petitioner's earned compensation.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. RAYMOND Moss, Appellant, v. JOSEPH H. BROPHY, Warden of Auburn Prison, Respondent.— Order modified by providing that the relator be remanded to the custody of the Superintendent of the Elmira Reformatory and, as modified, affirmed. Memorandum: It does not appear by the return in this case that there has been any legal transfer of this relator from Elmira Reformatory to the Auburn State Prison; therefore, the order is modified by remanding the relator to the custody of the Superintendent of the Elmira Reformatory. If the Commissioner of Correction finds grounds under section 293 of the Correction Law to remove relator from Elmira Reformatory to some other penal institution, he may act under the provisions of the cited section. All concur. (The order dismissed a writ of habeas corpus and remanded relator to the custody of the warden.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

LEONARD TILNEY, Appellant, v. JOSEPH A. GERNER, Respondent.— Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Memorandum: In February, 1935, a money judgment was rendered against defendant on his default. He did not move to open the default and for leave to defend but made a motion to set aside the judgment and dismiss the complaint based upon affidavits asserting that in May, 1935, the law upon which the judgment against him was founded had been declared unconstitutional by the United States Supreme Court. The trial court granted the motion and the order appealed from adjudicated that the judgment be canceled of record. This and nothing more. We find no authority in law or in the practice of the court for such a determination on behalf of a defaulting defendant. All concur. (The order denies a motion to vacate judgment and dismiss complaint.) Present — Taylor, Edgcomb, Thompson, Crosby and Lewis, JJ.

PHŒNIX INDEMNITY COMPANY, Appellant, v. FRANCIS J. DOWNING, Respondent.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

FRANCES WHITNEY, Appellant, v. LYRIC-ROCHESTER CORPORATION, Respondent. — Motion to amend order entered January 21, 1936 [246 App. Div. 896], so as to award disbursements to the plaintiff, denied. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

EDWARD WHITNEY, Appellant, v. LYRIC-ROCHESTER CORPORATION, Respondent. — Motion to amend order entered January 21, 1936 [246 App. Div. 896], so as to award disbursements to the plaintiff, denied. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

In the Matter of the Examination of LYRIC-ROCHESTER CORPORATION, Judgment Debtor, Respondent, in Proceedings Supplementary to Execution upon the Application of FRANCES WHITNEY, Judgment Creditor, Appellant, under a Judgment Recovered, etc.— Motion to amend order entered January 21, 1936 [246 App. Div. 896], so as to award disbursements to the judgment creditor, denied. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.